UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-61144-Civ-COOKE/BANDSTRA

JASON JAGGON,

    Plaintiff

vs.

REBEL ROCK ENTERTAINMENT, INC., *et al.*,

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

THIS CASE is before me on the Defendants' Joint Motion to Dismiss Counts II through VIII of the Complaint [ECF No. 6]. I have reviewed the arguments, the complaint, and the relevant legal authorities. As explained in this Order, the motion to dismiss is granted in part and denied in part.

**I. BACKGROUND[1]**

This is a copyright infringement case, brought along with certain pendent state law claims. The Plaintiff, Jason Jaggon, is a hip-hop musician who created an original musical composition entitled "Just C U." Defendants, Rebel Rock Entertainment and James Scheffer, are music producers. Mr. Jaggon alleges that Rebel Rock and Mr. Scheffer received a copy of his song, "Just C U," through Mr. Jaggon's agent. According to the Complaint Rebel Rock and Mr. Scheffer copied and incorporated substantial and original portions of "Just C U" while producing

---

[1] These facts are taken from the Complaint [ECF No. 1]. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court 'must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.'") (quoting *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)).

a musical composition and sound recording of another song, "I Run."  Mr. Jaggon alleges that Rebel Rock and Mr. Scheffer then conveyed the song "I Run," which contained Mr. Jaggon's composition from "Just C U," to Defendants, E-1 Entertainment and Koch Entertainment, who distributed the song.

Mr. Jaggon filed this suit for copyright infringement (count I), as well as seven state law claims, including misappropriation of ideas, unjust enrichment, conversion, quantum meruit, unfair competition, constructive trust, and an accounting (counts II-VIII).  The Defendants filed a joint motion to dismiss the state law claims, arguing that Federal Copyright Law preempts the state law claims (counts II-VIII).  (Mot. To Dismiss 1 [ECF No. 6]).  The Defendants argue that the state law counts should be dismissed for failure to state a claim  (*Id.*).

### III.  LEGAL STANDARDS

***A.  Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)***

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.   When considering a motion to dismiss, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the

plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

### B. Preemption under the U.S. Copyright Act

Federal copyright law preempts state law claims "that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106[2] in works of authorship[3] that are fixed in a tangible medium of expression[4] and come within the subject matter of copyright as specified by sections 102 and 103."[5] 17 U.S.C. § 301(a). In evaluating whether the Copyright Act preempts a particular state law claim, a court must first decide "whether the rights at issue fall within the 'subject matter of copyright.'" *Crow v. Wainwright*, 720 F.2d 1224, 1225-26 (11th Cir. 1983) (internal citation omitted). "[T]he subject matter of copyright, in terms of preemption, includes only those elements that are substantively qualified for copyright protection." *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1295 (11th Cir. 2004).

If the state law rights at issue fall within the subject matter of copyright, then the court applies the "extra element test" to determine whether the rights at issue are equivalent to the exclusive rights of section 106. *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1311 (11th Cir. 2001). "If an extra element is required instead of or in addition to the acts of reproduction,

---

[2] The exclusive rights under section 106 include the right to reproduce the copyrighted work, to prepare derivative works, to distribute copies to the public, to perform the work publicly, and to display the work publicly. 17 U.S.C. § 106.

[3] "Works of authorship include . . . musical works, . . . [and] sound recordings." 17 U.S.C. § 102(a).

[4] "A work is 'fixed' in a tangible medium of expression when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." 17 U.S.C. § 101.

[5] Section 102 defines the subject matter of copyright as consisting of "original works of authorship," which includes musical works and sound recordings. 17 U.S.C. § 102(a). Section 103 addresses the subject matter of copyright in the context of compilations and derivative works. 17 U.S.C. § 103.

performance, distribution or display, in order to constitute a state-created [cause] of action, then the right does not lie within the general scope of copyright and there is no preemption."[6] *Id*. at 1311-12 (citation omitted).  The name "extra element test," however, is somewhat misleading because this analysis is not a rote comparison of the elements of the two claims.  The extra element of the state law claim must change the nature of the claim, so that it is "*qualitatively different from a copyright infringement claim*." *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001) (citation omitted).  "For example, awareness and intent are not considered to be qualitatively different elements substantial enough to serve as an 'extra element.'" *Id.*

### III. ANALYSIS

#### A. *Misappropriation of Ideas (Count II)*

To establish a cause of action for misappropriation of an idea, a plaintiff must show that: (1) the idea was novel; (2) disclosure of the idea was made in confidence; and (3) that the idea was adopted and used by the defendant. *Alevizos v. John D. & Catherine T. MacArthur Found.*, 764 So. 2d 8, 11 (Fla. Dist. Ct. App. 1999).  It is essential in a misappropriation claim that the idea was revealed in confidence; in other words, that it was a secret. *Garrido v. Burger King Corp.*, 558 So. 2d 79, 83 (Fla. Dist. Ct. App. 1990).

> "Misappropriation" is not necessarily synonymous with copyright infringement, and thus a cause of action labeled as "misappropriation" is not preempted if it is fact based neither on a right within the general scope of copyright as specified by section 106 [section 106 of this title] nor on a right equivalent thereto.

---

[6] "Two elements must be proven in order to establish a *prima facie* claim for copyright infringement: (1) that [the plaintiff] owns a valid copyright . . . and (2) that [the defendant] copied constituent elements of the copyrighted work that are original." *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002) (citation omitted).

4

Notes of the H. Comm. On the Judiciary on the 1976 Amendments to the Copyright Act, H. Rep. No. 94-1476, *reprinted at* 17 U.S.C.A. § 301.  The critical inquiry is whether the misappropriation claim, as pleaded, is equivalent to a claim for copyright infringement.

Mr. Jaggon alleges that his ideas were conveyed to the Defendants in confidence, and that the Defendants knew or should have known that Mr. Jaggon expected the Defendants to keep his ideas a secret.  (Compl. ¶¶ 41-42).  As a threshold matter, although the Plaintiff's original musical composition, "Just C U," is within the subject matter of copyright since it is a musical work, the Plaintiff's idea for the song is not within the subject matter of copyright.  17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea.").  Additionally, the "in confidence" element of the Plaintiff's misappropriation of ideas claim is an extra element that renders the misappropriation of ideas claim qualitatively different from a copyright infringement claim.  The Defendants' motion to dismiss the misappropriation of ideas claim must be denied because the Plaintiff has laid out a claim that is plausible on its face.

**B.  *Unjust Enrichment (Count III)***

To prove unjust enrichment under Florida law, a plaintiff must demonstrate that: (1) he or she conferred a benefit on the defendant, (2) the defendant voluntarily accepted and retained the benefit conferred, and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying its value to the plaintiff.  *Merkle v. Health Options, Inc.*, 940 So. 2d 1190, 1199 (Fla. Dist. Ct. App. 2006) (citations omitted)**.**  The basis of Mr. Jaggon's unjust enrichment claim is that the Defendants, with knowledge that Mr. Jaggon created the song, retained the benefits of the song's success, without compensating or crediting Mr. Jaggon.  (Compl.¶¶ 50, 54-55).

Mr. Jaggon's original musical composition, "Just C U," is within the subject matter of copyright since it is a musical work. The requirement that a plaintiff *convey* a benefit to the defendant, and the requirement that the defendant *accept* that benefit, in an unjust enrichment claim, are extra elements beyond what a plaintiff needs to prove in a copyright infringement claim. These extra elements (conveyance and acceptance) render the unjust enrichment claim qualitatively different from a copyright infringement claim. *Cf. Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1326-27 (11th Cir. 2010) (finding that a plaintiff's breach of contract claims were not preempted since the plaintiff would have the existence of an agreement, which constituted an extra element). The Defendants' motion to dismiss the unjust enrichment claim must be denied because the Plaintiff has laid out a claim that is plausible on its face.

**C.  Conversion (Count IV)**

"[C]onversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." *Mayo v. Allen*, 973 So. 2d 1257, 1259 (Fla. Dist. Ct. App. 2008). Copyright law does not preempt a state law claim for conversion of an idea. *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1295 (11th Cir. 2004). Conversely, a claim for conversion of a *work* may be preempted. *Id.*

Mr. Jaggon alleges that the Defendants "copied and incorporated substantial and original portions of Plaintiff's composition 'Just C U' while producing 'Slim Thug's' musical composition and sound recording 'I Run,' constituting conversion of Mr. Jaggon's property." (Compl. ¶¶ 60, 64). Mr. Jaggon's original musical composition, "Just C U," is within the subject matter of copyright since it is a musical work. Mr. Jaggon's claim for conversion of his musical composition does not contain any extra elements that render the claim qualitatively different

6

from a copyright infringement claim. The Defendants' motion to dismiss the conversion claim is granted because the Plaintiff's claim is preempted by Copyright law.

### D. Quantum Meruit (Count V)

To recover under quantum meruit, a plaintiff must show that: (1) the recipient acquiesced in the provision of the services, (2) the recipient was aware that the provider expected to be compensated, and (3) the recipient was unjustly enriched. *Hermanowski v. Naranja Lakes Condo.*, 421 So. 2d 558, 561 (Fla. Dist. Ct. App. 1982). "[T]he remedy of quantum meruit derives from contracts implied in fact . . . [where] the parties have in fact entered into an agreement but without sufficient clarity, so a fact finder must examine and interpret the parties' conduct to give definition to their unspoken agreement." *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 806 (11th Cir. 1999) (citations omitted).

Mr. Jaggon's claim for quantum meruit is based on his allegation that a valuable benefit, in the form of his musical composition "Just C U," was provided by Mr. Jaggon to the Defendants, and was retained by the Defendants without compensation to Mr. Jaggon. (Compl. ¶¶ 73-74). Mr. Jaggon's claim for quantum meruit, as pleaded, does not contain an assertion the Defendants acquiesced in the provision of Mr. Jaggon's song, nor does the claim allege that the Defendants were aware that Mr. Jaggon expected to be compensated. Here, Mr. Jaggon has not alleged anything more than a prima facie case for copyright infringement, *i.e.*, that he owns a valid copyright and that the defendant copied essential elements of the copyrighted work that are original. (*See* Compl. ¶¶ 67-75); *see also Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001) ("[A]wareness and intent are not considered to be qualitatively different elements substantial enough to serve as an 'extra element.'").

Mr. Jaggon's original musical composition, "Just C U," is within the subject matter of

7

copyright since it is a musical work. Mr. Jaggon's claim for quantum meruit does not allege any extra elements that render the claim qualitatively different from a copyright infringement claim. (*See* Compl. ¶¶ 67-75); *see also Foley*, 249 F.3d at 1285. The Defendants' motion to dismiss the conversion claim is granted because Copyright law preempts the Plaintiff claim.

### E.  *Unfair Competition (Count VI)*

To prove unfair competition, a plaintiff must establish: (1) deceptive or fraudulent conduct of a competitor, and (2) the likelihood of consumer confusion. *Donald Frederick Evans & Assocs., Inc., v. Cont'l Homes, Inc.*, 785 F.2d 897, 914 (11th Cir. 1986). Generally, Copyright law does not preempt a claim for unfair competition, because the elements of deceptive or fraudulent conduct and likelihood of customer confusion are additional to, and qualitatively different from, the elements of a copyright infringement claim. *See id.*; *but see M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1494 (11th Cir. 1990) (explaining that a claim for unfair competition based *solely* on allegations of copying, "and in the absence of proof of any element of unfair competition other than copying," is preempted).

Mr. Jaggon asserts that the Defendants' wrongly copied his original work, and that "[t]he Defendants use of Compact Discs, digital downloads, the media, the newspapers, and other methods of promotion . . . constitutes unfair competition as it causes confusion and deception in the marketplace." (Compl. ¶¶ 79-80, 85). As a musical work, Mr. Jaggon's musical composition is within the subject matter of copyright. Mr. Jaggon's claim for unfair competition, however, is not preempted because it alleges that the Defendants' engaged in deceptive or fraudulent acts beyond merely copying. Specifically, Mr. Jaggon's allegations regarding the Defendants' methods of promotion render this claim not *solely* based on allegations of copying. The Defendants' motion to dismiss the unfair competition claim must be denied.

### *F. Constructive Trust (Count VII)*

A constructive trust is an equitable remedy that applies when the property at issue was obtained by fraud and there is no adequate remedy at law. *Bender v. Centrust Mortg. Corp.*, 51 F.3d 1027, 1029-30 (11th Cir. 1995), *modified on other grounds*, 60 F.3d 1507 (11th Cir. 1995). To obtain a constructive trust, a plaintiff must show there was a confidential relationship by which one acquired an advantage he or she should not, in equity and good conscience, retain. *Id.* (citations omitted). The subject of the inequitable transaction must be specific, identifiable property, or must be clearly traceable in assets of the defendant. *Id.* (citing *Finkelstein v. Se. Bank, N.A.*, 490 So. 2d 976, 983-84 (Fla. Dist. Ct. App. 1986) (noting that "[d]efinitive, designated property, wrongfully withheld from another, is the very heart and soul of the constructive trust theory.")).

The Complaint states that the Defendants obtained a copy of his song, "Just C U," through Mr. Jaggon's agent. (Compl. ¶ 25). Mr. Jaggon also alleges that the Defendant's "wrongfully received money and profits" that belonged to Mr. Jaggon as a result of the misappropriation of his property, and that the money can be traced and located. (Compl. ¶¶ 86-87). Again here, Mr. Jaggon's musical composition is within the subject matter of copyright since it is a musical work. Mr. Jaggon's claim for constructive trust, however, is not preempted because it alleges that the Defendants' acquired an advantage through a confidential relationship. The "confidential relationship" element of Mr. Jaggon's constructive trust claim is an extra element that renders the constructive trust claim qualitatively different from a copyright infringement claim. The Defendants' motion to dismiss the constructive trust claim must be denied based on the Plaintiff's preemption argument.

### G. *Accounting (Count VIII)*

Under Florida law, a party that requests an equitable accounting must show that the parties share a fiduciary relationship or that the questioned transactions are complex, and that a remedy at law is inadequate. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1071 (11th Cir. 2007). The basis for Mr. Jaggon's accounting claim is that he has a right to recover profits of the Defendants that are attributable to their misappropriation of Plaintiff's ideas, and that the exact amount of money due from the Defendant's is unknown and can only be ascertained through an accounting. (Compl. ¶¶ 88-90). The Complaint sets out a facially plausible claim for relief in that it alleges that the questioned transactions are complex and that an accounting is the only adequate remedy.

The alleged wrongdoing on the part of the Defendants is still the unauthorized copying of Mr. Jaggon's musical composition, which is within the subject matter of copyright since it is a musical work. Mr. Jaggon's claim for an accounting, however, is not preempted because the elements of Mr. Jaggon's accounting claim are qualitatively different from a copyright infringement claim. Specifically, the elements of complexity and lack of adequate remedy at law, render this claim different from a copyright claim. The Defendants' motion to dismiss the accounting claim must be denied based on the Plaintiff's preemption argument.

### IV. CONCLUSION

For the reasons explained, it is **ORDERED and ADJUDGED** that the Defendants' Joint Motion to Dismiss Counts II through VIII of the Complaint [ECF No. 6] is **GRANTED in part and DENIED in part**, as follows:

1. Count IV (Conversion) and count V (Quantum Meruit) are **DISMISSED** without prejudice.

2. The remaining counts of the Plaintiff's Complaint remain. The Defendants' Motion to Dismiss is **DENIED** as to these counts.

**DONE and ORDERED** in chambers, at Miami, Florida, this 31st day of August 2010.

*Marcia G. Cooke*
_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*